Court Exhibit 1
DATE: Sept. 7, 2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                   :
UNITED STATES OF AMERICA           :
                                   :   CONSENT PRELIMINARY ORDER
        - v. -                     :   OF FORFEITURE AS TO
                                   :   SPECIFIC PROPERTY
GARY PAMPERIEN,                    :
                                   :   20 Cr. 275 (NSR)
               Defendant.          :
                                   :
- - - - - - - - - - - - - - - - - x

WHEREAS, on or about May 26, 2020, GARY PAMPERIEN, (the "defendant"), was charged in a one-count Information, 20 Cr. 275 (the "Information"), with possessing and accessing with the intent to view images and videos of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B), (b)(2) and 2 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 2253, of any and all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the commission of the offense charged in Count One of the Information and any and all property, real or personal, used on intended to be used to commit or promote the commission of the offense charged in Count One of the Information or traceable to such property, including but not limited to the following:

(a) a MacBook Pro with Serial Number C02Z53XCLVDL;

(b) a MacBook Pro with Serial Number C17QCA8RFVH3;

(c) a Seagate hard drive with Serial Number NA8DQZV3;

(d) a Silicon Power hard drive with Serial Number 15020621-07-010TA30-SS SP; and

(e) a SanDisk Ultra thumb drive with serial number SDCZ48-128/BP190525823Z.

(a through e, collectively the "Specific Property")

WHEREAS, on or about July 28, 2021, the defendant pled guilty to Count One, pursuant to a plea agreement with the Government, wherein the defendant admitted the forfeiture allegation with respect to Count One and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 2253, all right, title, and interest of the defendant in the Specific Property;

WHEREAS, the defendant consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property used or intended to be used to facilitate the offense charged in Count One of the Information;

WHEREAS, the defendant admits that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys BENJAMIN GIANFORTI and SAMUEL ADELSBERG, of counsel, and the defendant, and his counsel, RACHEL MARTIN, Esq., that:

1.   As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.   Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the defendant, GARY PAMPERIEN, and shall be deemed part of the sentence of the

defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions,

interrogatories, requests for production of documents and the issuance of subpoenas.

9.  The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

10. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture as to Specific Property to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

[THE REMAINDER OF THIS PAGE HAS BEEN LEFT BLANK INTENTIONALLY]

11. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____     9/7/22
    SAMUEL ADELSBERG                       DATE
    BENJAMIN A. GIANFORTI
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212)637-2494 / (212)637-2490


GARY PAMPERIEN


By: _____     9/7/2022
    GARY PAMPERIEN                         DATE


By: _____     9/7/2022
    RACHEL MARTIN, ESQ.                    DATE
    Attorney for Defendant


SO ORDERED: _____      9/07/2022
            HONORABLE NELSON S. ROMÁN      DATE
            UNITED STATES DISTRICT JUDGE